**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Civil Division)**

| | |
|---|---|
| **DONDRE MANIGAULT**,<br>2103 Woodtop Way<br>Bel Air, MD 21015<br><br>Plaintiff,<br><br>v.<br><br>**STEAMSHIP TRADE ASSOCIATION OF BALTIMORE, INC.**<br>8615 Ridgely's Choice Drive, Suite 202<br>Baltimore, MD 21202<br><br>**PORTS AMERICA CHESAPEAKE, LLC.**<br>2200 Broening Highway<br>Baltimore, MD 21224<br><br>**INTERNATIONAL LONGSHOREMAN'S ASSOCIATION, AFL-CIO, LOCAL 333**<br>6610-B Tributary Street, Suite 300<br>Baltimore, MD 21224<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT & JURY DEMAND** |

**COMPLAINT**

COMES NOW Plaintiff, Dondre Manigault (hereinafter "Plaintiff" or "Mr. Manigault"), by and through his undersigned counsel, for his complaint states as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. 2000e et seq., the Civil Rights Act of 1991, 42 U.S.C. § 1981 *et seq*., and the Age Discrimination in Employment Act of 1967 ("ADEA"), for the Defendants unlawful race (African American) and age (YOB: 1974) discrimination against the Plaintiff as set forth below.

## PARTIES

2. Plaintiff is currently domiciled in Bel Air, Maryland. Plaintiff is a resident of the State of Maryland and is a United States citizen. Plaintiff is an employee of Steamship Trade Association of Baltimore, Inc. At all relevant times, Plaintiff was an employee of Steamship Trade Association; eligible to work for Ports America Chesapeake, LLC.; and a member of International Longshoreman's Association, AFL-CIO, Local 333.

3. Defendant Steamship Trade Association ("STA") is a multi-employer association representing employers and hiring employees in the Port of Baltimore, Maryland.

4. Defendant Ports America Chesapeake, LLC. ("PAC") is a member-employer of the Steamship Trade Association, headquartered in Baltimore, Maryland.

5. Defendant International Longshoreman's Association, AFL-CIO, Local 333 ("ILA") is a union for employees of STA and PAC, doing ordinary business in Baltimore, Maryland.

## JURISDICTION

6. This Honorable Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under the Constitution, laws, or treaties of the United States, specifically Title VII, 42 U.S.C. § 1981, and the ADEA.

7. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

## VENUE

8. Venue is appropriate in this District and based on the fact that Defendants have their principal places of business in this District, the acts events and/or omissions giving rise to

Plaintiff's claims as described herein occurred in this District, and the Plaintiff resides in this District. 28 U.S.C. § 1391.

9. The amount in controversy, exclusive of interest and costs, exceeds the sum of seventy-five thousand ($75,000) dollars.

**EXHAUSTION OF REMEDIES**

10. Plaintiff has exhausted his administrative remedies as follows.

11. On January 4, 2016, Plaintiff filed a Charge of Discrimination with the Maryland Commission on Civil Rights ("MCCR").

12. On April 20, 2016, Plaintiff filed an Amended Charge of Discrimination with MCCR and the Equal Employment Opportunity Commission ("EEOC")[1] for dual filing purposes against ILA. MCCR Number: 1604-0227; EEOC Charge No. 12F-2016-00391.

13. On April 20, 2016, Plaintiff filed an Amended Charge of Discrimination with MCCR and the EEOC against STA. MCR Number: 1604-0228; EEOC Charge No. 12F-206-00392.

14. On April 20, 2016, Plaintiff filed an Amended Charge of Discrimination with MCCR and the EEOC against PAC. MCCR Number: 1604-0229; EEOC Charge No. 12F-2016000393.

15. On February 12, 2021, the EEOC issued a Determination separately for all three charges and determined that there is reasonable cause to believe that Plaintiff was discriminated

[1] The EEOC Baltimore Field Office minimally maintained records on the EEOC Public Portal for Plaintiff's charges of discrimination. Only two (2) of the charges are accessible on the portal and have the same three (3) documents uploaded. The Philadelphia District Office designated Plaintiff's Section 83 request as a FOIA request, despite a second attempt to request Plaintiff's Section 83 request be processed accordingly. Additionally, the Philadelphia District Office has denied Plaintiff's request to expedite his FOIA Request, determining filing a lawsuit is not a compelling need for Plaintiff to receive his charge files. The EEOC FOIA Public Liaison has been non-responsive to requests for information and clarification. Plaintiff files this Complaint with limited information from his EEOC charge files and will likely file an Amended Complaint if and when additional information is received from the EEOC.

against in violation of Title VII with respect to denial of crane training and promotion based on his race by the Defendants, STA, PAC, and ILA.

16. Defendants were offered the opportunity to participate in Conciliation.

17. The EEOC could not reach a settlement with Defendants that would provide relief for Plaintiff.

18. On February 28, 2023, the EEOC issued the Notice of Right to Sue STA to Plaintiff.

19. On March 1, 2023, the EEOC Issued the Notice of Right to Sue ILA and PAC to Plaintiff.

20. This timely filed civil complaint alleging discrimination based on race and age follows.

**FACTS**

21. At all times relevant to the claims made herein, Plaintiff was an employee of STA in Baltimore, Maryland.

22. At all times relevant to the claims made herein, Plaintiff was a member of ILA.

23. Plaintiff began his employment with STA through membership with ILA in July 2002 as a Longshoreman.

24. On August 10, 2012, Plaintiff completed a two (2) week container crane course for the inexperienced container crane operator trainee.

25. On November 19, 2014, Plaintiff received notice that the Maryland Port Administration ("MPA") made the South Locust Point cranes and heavy lift cranes, Manitowoc-Big Red and Grove ("Old Yellow") available for training.

26. As a certified crane operator, Plaintiff was eligible to receive this training.

27. On November 19, 2014, Plaintiff completed, signed, and returned the requisite form to continue in the STA/ILA Crane Training Program so he would be placed in line for the training based upon this Port Wide Seniority.

28. In or around February 2015, Plaintiff submitted a grievance to the STA and ILA Seniority Board/Trade Practice Committee because for more than two (2) years, he had been consistently locked out of work with PAC and unable to make consistent wages despite being a Topman/Crane Operator certified in Paceco, Gantry, and Ship-gear.

29. Despite Plaintiff's certification, PAC would not recognize his crane certification and allow him to work crane operator jobs.

30. On February 12, 2015, the STA/ILA Seniority Board discussed Plaintiff's complaint requesting to be qualified as a crane operator for PAC.

31. On April 9, 2015, Plaintiff received a letter from David P. Hartman for the STA/ILA Seniority Board, notifying him that it was determined that he could ask to be referred for container crane training for PAC.

32. Plaintiff requested crane certification with PAC on multiple occasions, but was never referred by STA or ILA, nor did he receive the training from PAC.

33. In January 2016, Plaintiff's seniority classification was N-1900, his work performance was satisfactory, and he did not have any proposed or sustained discipline due to misconduct or performance.

34. On or about January 4, 2016, Jeffery Vogel (Caucasian, under 40) was offered the opportunity for advancement to a higher level of work as a Crane Operator with PAC.

35. The Crane Operator position with PAC offered higher pay and a more prestigious work environment.

36. STA and ILA provided Mr. Vogel with preferential treatment, access, and pre-employment training, allowing him the Crane Operator position with PAC in an expedited manner.

37. In January 2016, when Mr. Vogel received the Crane Operator promotional opportunity, Plaintiff possessed a higher seniority classification with STA and ILA than Mr. Vogel and met all the qualifications for the position of Crane Operator with PAC.

38. While being denied this opportunity, several Caucasian and younger individuals with less seniority than Plaintiff were referred for training by STA and ILA and received Crane Operator positions with PAC.

39. From January 1, 2014 through January 13, 2018, there were multiple crane operator jobs with PAC that Plaintiff could have been selected for but was not due to the denial of training by STA and ILA, and PAC not recognizing his 2012 certification.

## CAUSES OF ACTION

### COUNT ONE

**(Discrimination on the Basis of Race in Violation of Title VII, 42 U.S.C. §2000e, *et seq*)**

40. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

41. 42 U.S.C. § 2000e-2 makes it unlawful for an employer to fail or refuse to hire, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment on the basis of such individual's race.

42. Plaintiff works for Defendant STA through his membership with ILA and can be referred to crane operator positions with PAC.

43. Plaintiff is a member of a class protected under by virtue of his race (African American).

44. As entities formed and doing business within the jurisdiction of the United States, Defendants must abide by 42 U.S.C. § 2000e-2.

45. Other employees of Defendant STA and members of ILA, and who are individuals who are not Black or African-American were treated more favorably than Plaintiff by: being referred for and receiving training to be crane certified for positions with PAC or not required to have additional certifications for crane positions with PAC, a position for which Plaintiff was highly qualified but not allowed to obtain due to PAC's unwillingness to accept his certification and STA and ILA not referring him to training and ensuring he received PAC specific training.

46. The individual(s) referred to and provided training by STA and ILA for Crane Operator positions with PAC and selected for Crane Operator positions by PAC were a different race (White) than Plaintiff.

47. Defendants STA and ILA refused to refer and provide Plaintiff with crane training for PAC, while Defendant PAC refused to accept Plaintiff's crane certification and denied him crane operator jobs, despite being prohibited from refusing to train, hire, or promote employees based on their race.

48. The foregoing actions by Defendants constitute discrimination on the bases of race, which have infringed upon Plaintiff's right to enjoy the terms, conditions, and privileges of employment and be provided the opportunity for advancement in his career, in violation of 42 U.S.C. § 2000e-2.

49. As a result of Defendants conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including, but not limited to, lost earnings and other financial losses, embarrassment, humiliation, and other forms of pain and suffering that is on-going, and permanent in nature without Plaintiff in anyway contributing thereto.

50. Defendants are responsible for the acts and omissions of its members and employees for actions taken in the scope of and in the course of their membership and employment.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages;

b. Award punitive damages;

c. Award damages and equitable relief for all harm Plaintiff has sustained as a result of Defendants unlawful conduct, including for loss of promotional potential, reputation, lost wages, and lost job benefits he would have received but for Defendants unlawful conduct;

d. Award any out-of-pocket expenses incurred as a result of Defendants unlawful conduct;

e. Award reasonable attorneys' fees, costs, and expenses incurred for this action;

f. Award equitable, declaratory, and injunctive relief; and

g. Award such other and further relief as this Honorable Court deems just and proper.

**COUNT TWO**

**(Discrimination on the Basis of Race in Violation of 42 U.S.C. § 1981)**

51. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

52. 42 U.S.C. § 1981 provides equal rights under the law, specifically that all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make an enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by White citizens.

53. Pursuant to 42 U.S.C. § 1981(b), "make and enforce contract" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

54. Plaintiff is a member of a racial minority (Black) who works for Defendant STA through membership with ILA, can be referred to or hired for jobs with PAC, and is entitled to equal rights under the law pursuant to 42 U.S.C. § 1981.

55. As entities formed and doing business within the jurisdiction of the United States, Defendants must abide by 42 U.S.C. § 1981.

56. Other employees of Defendant STA and members of ILA, and who are individuals who are not Black or African-American were treated more favorably than Plaintiff by: being referred for and receiving training to be crane certified for positions with PAC or not required to have additional certifications for crane positions with PAC, a position for which Plaintiff was highly qualified but not allowed to obtain due to PAC's unwillingness to accept his certification and STA and ILA not referring him to training and ensuring he received PAC specific training.

57. The individual(s) referred to and provided training by STA and ILA for Crane Operator positions with PAC and selected by PAC for Crane Operator positions were a different race (White) than Plaintiff.

58. Defendants STA and ILA refused to refer and provide Plaintiff with crane training for PAC, while Defendant PAC refused to accept Plaintiff's crane certification and denied him crane operator jobs, despite being prohibited from refusing to train, hire, or promote employees based on their race.

59. The foregoing actions by Defendants constitute discrimination on the basis of race, which have infringed upon Plaintiff's right to make and enforce contracts, as well as his right to

the full and equal benefit of all laws and proceedings for the security of persons and property, in violation 42 U.S.C. § 1981.

60. As a result of Defendants conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including, but not limited to, lost earnings and other financial losses, embarrassment, humiliation and other forms of pain and suffering that is on-going, and permanent in nature without Plaintiff in anyway contributing thereto.

61. Defendants are responsible for the acts and omissions of its members and employees for actions taken in the scope of and in the course of their membership and employment.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages;

b. Award punitive damages;

c. Award damages and equitable relief for all harm Plaintiff has sustained as a result of Defendants unlawful conduct, including for loss of promotional potential, reputation, lost wages, and lost job benefits he would have received but for Defendants unlawful conduct;

d. Award any out-of-pocket expenses incurred as a result of Defendants unlawful conduct;

e. Award reasonable attorneys' fees, costs, and expenses incurred for this action;

f. Award equitable, declaratory, and injunctive relief; and

g. Award such other and further relief as this Honorable Court deems just and proper.

**COUNT THREE**

**(Discrimination on the Basis of Age in Violation of 29 U.S.C. § 623)**

50. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

62. 29 U.S.C. § 623 makes it unlawful for an employer to fail or refuse to hire, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment on the basis of such individual's age.

63. Plaintiff works for Defendant STA through his membership with ILA and can be referred to crane operator positions with PAC, and is a member of a class protected under by virtue of his age (YOB: 1974).

64. As entities formed and doing business within the jurisdiction of the United States, Defendants must abide by 29 U.S.C. § 623.

65. Other employees of Defendant STA and members of ILA, and who are individuals who are under 40 were treated more favorably than Plaintiff by: being referred for and receiving training to be crane certified for positions with PAC or not required to have additional certifications for crane positions with PAC, a position for which Plaintiff was highly qualified but not allowed to obtain due to PAC's unwillingness to accept his certification and STA and ILA not referring him to training and ensuring he received PAC specific training.

66. The individual(s) referred to and provided training by STA and ILA for Crane Operator positions with PAC were younger (under 40) than Plaintiff.

67. Defendants STA and ILA refused to refer and provide Plaintiff with crane training for PAC, while Defendant PAC refused to accept Plaintiff's crane certification and denied him

crane operator jobs, despite being prohibited from refusing to hire or promote employees based on their age.

68. The foregoing actions by Defendants constitute discrimination on the basis of age, which have infringed upon Plaintiff's right to enjoy the terms, conditions, and privileges of employment and be provided the opportunity for advancement in his career, in violation of 29 U.S.C. § 623.

69. As a result of Defendants conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including, but not limited to, lost earnings and other financial losses, embarrassment, humiliation, and other forms of pain and suffering that is on-going, and permanent in nature without Plaintiff in anyway contributing thereto.

70. Defendants are responsible for the acts and omissions of its members and employees for actions taken in the scope of and in the course of their membership and employment.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages;

b. Award punitive damages;

c. Award damages and equitable relief for all harm Plaintiff has sustained as a result of Defendants unlawful conduct, including for loss of promotional potential, reputation, lost wages, and lost job benefits he would have received but for Defendants unlawful conduct;

d. Award any out-of-pocket expenses incurred as a result of Defendants unlawful conduct;

e. Award reasonable attorneys' fees, costs, and expenses incurred for this action;

f. Award equitable, declaratory, and injunctive relief; and

g. Award such other and further relief as this Honorable Court deems just and proper.

Dated: May 30, 2023

Respectfully submitted,

By: [signature]

Sara E. Furlow, Esq.
Bar No. 22095
Tully Rinckey, PLLC
2001 L Street NW, Suite 902
Washington, DC 20036
(202) 787-1900
sfurlow@fedattorney.com

Stephanie Rapp-Tully, Esq.
Bar No. 18555
Tully Rinckey, PLLC
2001 L Street NW, Suite 902
Washington, DC 20036
(202) 787-1900
srapptully@fedattorney.com

*Counsel for Plaintiff*