IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DONDRE MANIGAULT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-cv-01439-LKG |
| | ) | |
| v. | ) | Dated:  March 6, 2024 |
| | ) | |
| STEAMSHIP TRADE ASSOCIATION | ) | |
| OF BALTIMORE, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

I.     **INTRODUCTION**

Defendants, the International Longshoreman's Association, AFL-CIO, Local 333 ("ILA"), the Steamship Trade Association of Baltimore, Inc. ("STA") and Ports America Chesapeake, LLC ("PAC"), have filed motions to dismiss this matter, pursuant to Fed. R. Civ. P. 12. ECF Nos. 13-14. The motions are fully briefed. ECF Nos. 13-1, 14-1, 17-1, 18-1, 19, 20. No hearing is necessary to resolve the motions. L.R. 105.6.

For the reasons that follow, the Court: (1) **GRANTS-in-PART** and **DENIES-in-PART** ILA's motion to dismiss; (2) **GRANTS-in-PART** STA and PAC's motion to dismiss; (3) **DISMISSES** Count II of the complaint and (4) **DISMISSES** Counts I and III of the complaint as to any discriminatory conduct that occurred more than 300 days before Plaintiff filed his charge of discrimination.

1

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.    Factual Background

In this civil action, Plaintiff, Dondre Manigault, alleges that the Defendants discriminated against him upon the basis of race and age, by failing to train and promote him, in violation of Title VII, 42 U.S.C. § 2000e ("Title VII"); 42 U.S.C § 1981 ("Section 1981"); and 29 U.S.C § 623 (the "ADEA").  ECF No. 1  at ¶ 1.  Specifically, Plaintiff asserts the following claims against the Defendants in the complaint: (1) Discrimination on the basis of race, in violation of Title VII, 42 U.S.C. § 2000e, *et seq.* (Count I); (2) Discrimination on the basis of race, in violation of 42 U.S.C. § 1981 (Count II); and (3) Discrimination on the basis of race, in violation of 29 U.S.C. § 623 (Count III).  *See id.* at ¶¶ 40–70.  As relief, Plaintiff seeks, among other things, to recover monetary damages and attorneys' fees and costs from the Defendants.  *Id*. at ECF No. 1 at 8, 10, 12-13.

<u>The Parties</u>

Plaintiff, Dondre Manigault, is an African-American male over the age of 40 who resides in Maryland.  ECF No. 1 at ¶ 2.  Plaintiff has several years of experience working as a longshoreman and some training in crane operation.  *Id.* at ¶ 2.

Defendant STA is Plaintiff's employer.  *Id.* at ¶ 23.

Defendant PAC is a member company of STA.  *Id.* at ¶ 4.

Defendant ILA is a labor union that represents dock workers.  *Id.* at ¶ 5.  Plaintiff is a member of ILA.  *Id*.

<u>Plaintiff's Employment With STA</u>

As background, Plaintiff began his employment with STA, through his membership with ILA, in July 2002.  *Id.* at ¶ 23.  Plaintiff is a member of Local 333, which is a local union for STA and PAC employees that falls under the ILA.  *Id.* at ¶ 23.

On August 10, 2012, Plaintiff completed a two-week container course for inexperienced container crane operator trainees.  *Id.* at ¶ 24.  Plaintiff alleges that, on November 19, 2014, he

---

[1] The facts recited in this memorandum opinion are taken from the complaint; the Defendants' respective motions to dismiss; and the memoranda in support thereof.  ECF Nos. 1, 13–14, 17–20, 13-1, 14-1, 17-1, 18-1, 19-1, and 20-1.

Case 1:23-cv-01439-LKG   Document 21   Filed 03/06/24   Page 3 of 14

received notice that the Maryland Port Administration made certain cranes and heavy lift cranes available for training.  *Id*. at ¶ 27.  Plaintiff also alleges that he was eligible to receive this training, because he completed and submitted the requisite form to continue in the crane training program on November 19, 2014.  *Id.* at ¶ 27.

In February 2015, Plaintiff submitted a grievance to the STA and ILA Seniority Board/Trade Practice Committee, alleging "he had been consistently locked out of work with PAC and unable to make consistent wages despite being a Topman/Crane Operator certified in Paceco, Gantry, and Ship-gear."  *Id.* at ¶ 28.  In this regard, Plaintiff alleges that PAC would not recognize his crane operator certification and allow him to work crane operator jobs, even though he had crane operator certification.  *Id.* at ¶ 29.  Plaintiff also alleges that the crane operator position with PAC offered higher pay and a "more prestigious work environment."  *Id.* at ¶ 35.

On March 25, 2015, the ILA and STA ratified a new collective bargaining agreement that provided for the selection of candidates with "seniority, qualifications, and [the] commitment to train on [cranes]," and stipulated that preference would be provided to employers' existing employees with a minimum 25 percent allotment of participation slots for candidates from the port-wide seniority pool.  ECF No. 19-1.  On April 9, 2015, Plaintiff received a letter from the Seniority Board/Trade Practice Committee stating that he could ask to be referred for container crane training for PAC.  ECF No. 1 at ¶¶ 30-31.

Thereafter, Plaintiff requested crane certification with PAC on multiple occasions.  *Id.* at ¶ 27.  But Plaintiff alleges that he was neither referred by STA or ILA to receive crane certification with PAC, nor received such training from PAC.  *Id*. at ¶ 32.

Plaintiff's Charge Of Discrimination

On January 4, 2016, Plaintiff filed a charge of discrimination with the Maryland Commission on Civil Rights ("MCCR").  *Id.* at ¶ 27.  On April 20, 2016, Plaintiff filed amended charges of discrimination with MCCR and the Equal Employment Opportunity Commission ("EEOC").  ECF Nos. 17-5, 18-5, 18-6.

In his amended charges of discrimination, Plaintiff alleged that STA, PAC, and ILA discriminated against him upon the basis of race and age, because he "was treated differently from a similarly situated employee not in [his] protected class, with respect to promotion and

3

training." ECF Nos. 17-5 at 5-6; 18-5 at 5-6; 18-6 at 5-6.  In this regard, Plaintiff also alleged that:

> On or about January 4, 2016, Jeffrey Vogel (Caucasian, Age under 40 years old) was offered the opportunity for advancement to a higher level of work (Crane operator) with Ports America Chesapeake, LLC involving a higher pay and a more prestigious work environment.  In addition, Mr. Vogel received preferential treatment , access, and pre-employment training to ensure attainment of the aforementioned promotional opportunity in an expedited manner.

*Id*.

On February 12, 2021, the EEOC determined that there was reasonable cause to believe that Plaintiff was discriminated against by the Defendants, in violation of Title VII, with respect to the denial of crane training and promotion based on his race.  ECF No. 1 at ¶ 15.  On February 28, 2023, the EEOC issued the Notice of Right to Sue letter with regards to STA.  ECF No. 1 at ¶ 18.  On March 1, 2023, the EEOC Issued the Notice of Right to Sue letter with regards to ILA and PAC.  ECF No. 1 at ¶ 19.

Plaintiff's Allegations

Plaintiff commenced this civil action on May 30, 2023.  ECF No. 1.  Plaintiff maintains in this action that the Defendants discriminated against him upon the basis of race and age, by failing to train and promote him, while training and promoting other similarly situated employees who are not Black and are under the age of 40.  *Id.* at ¶¶ 40–70.

Specifically, Plaintiff alleges that, in January 2016, his seniority classification was "N-1900," his work performance was satisfactory performance and he had no disciplinary issues.  *Id.* at ¶ 33.  Plaintiff also alleges that, on or about January 4, 2016, another PAC employee, Jeffery Vogel, who is Caucasian and under the age of 40, was offered a promotion as a crane operator with PAC.  *Id.* at ¶¶ 34–35.  Plaintiff also alleges that STA and ILA "provided Mr. Vogel with preferential treatment, access, and pre-employment training." *Id.* at ¶ 36.

In addition, Plaintiff alleges that he possessed a higher seniority classification with STA and ILA than Mr. Vogel at the time of Mr. Vogel's training, and that Plaintiff also met the qualifications for the position of a crane operator with PAC.  *Id.* at ¶ 37.  Plaintiff also alleges that STA and ILA referred several other Caucasian individuals, who are under the age of 40 and have less seniority than him, for training and that these individuals ultimately received crane operator positions with PAC.  *Id.* at ¶ 38.  And so, Plaintiff alleges that the Defendants violated

Title VII by engaging in the aforementioned conduct, because employees of STA and members of ILA who are not Black or African-American were:

> [. . .] being referred for and receiving training to be crane certified for positions with PAC or not required to have additional certifications for crane positions with PAC, a position for which Plaintiff was highly qualified but not allowed to obtain due to PAC's unwillingness to accept his certification and STA and ILA not referring him to training and ensuring he received PAC specific training.

*Id.* at ¶ 45.

Plaintiff also alleges that the Defendants' decisions to: (1) refuse to provide him with crane training; (2) refuse to accept his crane certification; and (3) deny him crane operator jobs violate Section 1981, because this conduct infringed upon his rights to make and enforce contracts and to the full and equal benefit of all laws and proceedings for the security of persons and property. *Id.* at ¶ 59. Lastly, Plaintiff contends that the Defendants' conduct also violates the ADEA, because other employees of STA and members of ILA, and who are under the age of 40, were treated more favorably than him. *Id.* at ¶ 65. And so, Plaintiff seeks to recover monetary damages and attorneys' fees and costs from the Defendants and certain equitable relief. *Id.* at 8, 10, 12-13.

**B.    Procedural Background**

Plaintiff commenced this civil action on May 30, 2023. ECF No. 1. On July 28, 2023, Defendant ILA filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), and a memorandum in support thereof. ECF No. 13. On July 28, 2023, Defendants STA and PAC filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), and a memorandum in support thereof. ECF No. 14.

Plaintiff filed a response in opposition to the Defendants' respective motions to dismiss on August 28, 2023. ECF Nos. 17, 18. The Defendants filed their reply briefs on September 4, 2023, and September 5, 2023, respectively. ECF Nos. 19, 20.

The Defendants' motions to dismiss having been fully briefed, the Court resolves the pending motions.

### III.    LEGAL STANDARDS

#### A. Federal Rules of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Rule 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249–50 (1989)).

#### B. Title VII And ADEA Claims

Title VII prohibits employment discrimination based on race, color, religion, sex and national origin. *See* 42 U.S.C. § 2000e. The Age Discrimination in Employment Act ("ADEA") protects certain applicants and employees who are 40 years of age and older from discrimination on the basis of age in hiring, promotion, discharge, compensation, or terms, conditions or privileges of employment. 29 U.S.C. § 623(a); *Westmoreland v. TWC Admin., LLC*, 924 F.3d 718, 725 (4th Cir. 2019).

Under Title VII and the ADEA, a plaintiff must file a charge with the EEOC before bringing suit in a federal court. 42 U.S.C. § 2000e-5(f)(1) (Title VII); 29 U.S.C. § 626(d) (ADEA). Specifically, Title VII requires that an aggrieved party file a charge with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). If a plaintiff "fails to file an administrative charge with the EEOC within one hundred eighty . . . days after an alleged discriminatory act occurs (or three hundred .

6

. . days if the aggrieved person presented the claim to a state deferral agency), then the EEOC charge is not considered timely filed." *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 417 (4th Cir. 2014) (citing 42 U.S.C. § 2000e-5(e)(1)).  The United States Supreme Court has characterized the charge filing requirement for Title VII as a "non-jurisdictional claim-processing rule."  *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1846 (2019).  And so, the Court must enforce the rule if it is timely raised.  *See id*.

There are two methods for proving intentional discrimination in employment under Title VII: through direct or indirect evidence of intentional discrimination, or through circumstantial evidence under the three-step, burden-shifting scheme set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973).  For the first method, an employee may utilize "ordinary principles of proof using any direct or indirect evidence relevant to and sufficiently probative of the issue."  *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 60607 (4th Cir. 1999) (quoting *Tuck v. Henkel Corp.*, 973 F.2d 371, 374 (4th Cir. 1992)). If direct or indirect evidence of intentional discrimination is lacking, a plaintiff may proceed under *McDonnell Douglas*.  *See Tuck*, 973 F.2d at 375.

Under the *McDonnell Douglas* framework, a plaintiff must first establish a *prima facie* case of discrimination.  *See McDonnell Douglas Corp.*, 411 U.S. at 802.  Specifically relevant to this employment discrimination dispute, a plaintiff may establish a *prima facie* case of discrimination based upon failure to train or promote by showing that the plaintiff: (1) is a member of a class protected by Title VII; (2) applied for the position in question; (3) was qualified for the position; and (4) had his application rejected by the defendant under circumstances that give rise to an inference of discrimination.  *See Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir. 2005).  A failure to "allege facts sufficient to state all the elements of [a] claim" is fatal to a Plaintiff's ability to survive a motion to dismiss. *See Miller v. Carolinas Healthcare Sys.*, 561 F. App'x 239, 240-41 (4th Cir. 2014).

In addition, Title VII also provides that:

> It shall be an unlawful employment practice for a labor organization—
>
> (1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin; (2) to limit, segregate, or classify its membership or applicants for membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit

> such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin; or (3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

42 U.S.C. § 2000e-2 (c). Given this, labor unions have a duty to "serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with [] good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). And so, courts have recognized that a Title VII plaintiff may assert a claim against a labor union in its capacity as the employee's representative. *See, e.g., Sanders v. Bethlehem Steel Corp.*, No. HAR 93-4113, 1995 BL 575 (D. Md. Jul. 5, 1995); *Woods v. Graphic Commc'ns Union Loc. 747*, 925 F.2d 1195, 1200 (9th Cir. 1991); *E.E.O.C. v. Seafarers Int'l Union*, 394 F.3d 197 (4th Cir. 2005).

If a Title VII plaintiff establishes a *prima facie* case of discrimination, the burden of production shifts to the defendant to present a legitimate, nondiscriminatory reason for the adverse employment action alleged. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (citing *Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981)). If the defendant succeeds in doing so, that showing will rebut the presumption of discrimination raised by the plaintiff's *prima facie* case. *See Stokes v. Westinghouse Savannah River Co.*, 206 F.3d 420, 429 (4th Cir. 2000) (citing *Burdine*, 450 U.S. at 255 n.10). The plaintiff then must "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Burdine*, 450 U.S. at 253. And so, "[t]he plaintiff always bears the ultimate burden of proving that the employer intentionally discriminated against her." *Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996) (citing *Burdine*, 450 U.S. at 253).

In addition, to establish a *prima facie* case of age discrimination under the ADEA, a plaintiff must prove that he: (1) was protected by the ADEA; (2) suffered an adverse employment action; (3) was performing his job at a level that met his employer's legitimate expectations at the time of the adverse employment action; and (4) was replaced by a substantially younger worker. *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315 (4th Cir. 1993). Similar to claims brought under Title VII, a plaintiff may proceed under the *McDonnell Douglas* framework to establish a *prima facie* case of age discrimination under the ADEA. *See Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006) (en banc). Plaintiff may also assert claims against a

8

labor union, in its capacity as the employee's representative, under the ADEA. *See* 29 U.S.C. § 623(c)(1) and (3); *see, e.g., Bondurant v. Air Line Pilots Ass'n, Intl.*, 679 F.3d 386, 394-96 (6th Cir. 2012).

### C. Section 1981

Lastly, Section 1981 guarantees the rights "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C.A. § 1981 (a). Relevant here, the statute of limitations for employment discrimination claims based upon Section 1981, that are brought in Maryland, is three years. *Williams v. Giant Food Inc.*, 370 F.3d 423, 429 (4th Cir. 2004) (holding that a complaint alleging a violation of Section 1981 in Maryland must be brought within three years of the alleged misconduct) (*citing Grattan v. Burnett*, 710 F.2d 160, 162-163 (4th Cir. 1983), *aff'd*, 468 U.S. 42 (1984)). This statute of limitations period is not tolled while an administrative charge for violation of Title VII is filed and being investigated. *Johnson*, 421 U.S. at 462-467; *Trent v. Bolger*, 837 F.2d 657, 659 n.5 (4th Cir. 1988).

## IV.  ANALYSIS

The Defendants have moved to dismiss this matter, pursuant to Federal Rule of Civil Procedure 12(b)(6), upon the grounds that: (1) Plaintiff's Section 1981 claim, set forth in Count II of the complaint, is time-barred[2] and (2) Plaintiff's ADEA and Title VII claims, set forth in Counts I and III of the complaint, are untimely, because Plaintiff failed to file his charges of discrimination within 300 days of the alleged discriminatory conduct. ECF Nos. 13, 14.

Defendant ILA also seeks to dismiss the claims asserted against it, upon the grounds that: (1) the complaint lacks sufficient factual allegations to show that ILA, in its capacity as Plaintiff's union representative, violated Title VII; (2) the complaint lacks sufficient factual allegations to show that ILA, in its capacity as Plaintiff's union representative, violated the ADEA; and (3) the complaint also lacks sufficient factual allegations to show that ILA, in its

---

[2] Defendant ILA argues Plaintiff's Section 1981 claim accrued on January 13, 2018, at the latest, when Plaintiff alleges that ILA refused to refer him for, and to provide him with, certain training. ECF No. 13-1 at 8-9. Defendants STA and PAC argue that Plaintiff's Section 1981 accrued no later than when Plaintiff "filed [amended] charge[s]" of discrimination on April 20, 2016. ECF No. 1 at ¶¶ 14-1 at 6.

capacity as Plaintiff's union representative, violated Section 1981. ECF No. 13-1 at 4–8. And so, the Defendants request that the Court dismiss this employment discrimination matter. ECF Nos. 13, 14.

In his responses in opposition to the Defendants' motions to dismiss, Plaintiff counters that the Court should not dismiss this matter, because: (1) he timely filed his respective charges of discrimination; (2) the statute of limitations for his Section 1981 claim has not expired, because he was not aware of this claim until February 12, 2021; and (3) the complaint contains sufficient factual allegations to state plausible claims for relief under the ADEA, Title VII and Section 1981. ECF Nos. 17-1, 18-1. And so, Plaintiff requests that the Court deny the Defendants' motions to dismiss. *Id*.

For the reasons set forth below, a plain reading of the complaint shows that Plaintiff's Section 1981 claim against the Defendants is time-barred, because Plaintiff commenced this civil action more than three years after this claim accrued. To the extent that Plaintiff relies upon alleged discriminatory conduct that occurred more than 300 days before he filed his initial charge of discrimination on January 4, 2016, to support his Title VII and ADEA claims, such claims are also untimely.

A careful reading of the complaint shows, however, that Plaintiff alleges sufficient factual allegations to state plausible Title VII and ADEA claims against ILA with regards to conduct that occurred within 300 days of the filing of his initial charge of discrimination. And so, the Court: (1) GRANTS-in-PART and DENIES-in-PART ILA's motion to dismiss; (2) GRANTS-in-PART STA and PAC's motion to dismiss; (3) DISMISSES Count II of the complaint; and (4) DISMISSES Counts I and II of the complaint, as to any discriminatory conduct that occurred more than 300 days before Plaintiff filed his charge of discrimination.

### A.     Plaintiff's Section 1981 Claim Is Time-Barred

As an initial matter, the Defendants persuasively argue that Plaintiff's Section 1981 claim is time-barred because Plaintiff brings this claim more than three years after filing his amended charges of discrimination. ECF Nos. 13-1 at 8-9, 14-1 at 6.

The Fourth Circuit has held that the statute of limitations for Section 1981 claims that are brought in Maryland is three years. *Williams v. Giant Food Inc.*, 370 F.3d 423, 429 (4th Cir. 2004) (holding that a complaint alleging a violation of Section 1981 in Maryland must be brought within three years of the alleged misconduct.") (*citing Grattan v. Burnett*, 710 F.2d 160,

162-163 (4th Cir. 1983), *aff'd*, 468 U.S.42 (1984)).  This statute of limitations period is not tolled while an administrative charge for a violation of Title VII is filed and being investigated.  *Johnson*, 421 U.S. at 462-67; *Trent v. Bolger*, 837 F.2d 657, 659 n.5 (4th Cir. 1988).  And so, Plaintiff must have brought his Section 1981 claim in this case within three years of the alleged misconduct.  *Kolomick v. U. Steelworkers of Am., District 8*, 762 F.2d 354, 356 (4th Cir. 1985).

In the complaint, Plaintiff alleges that he submitted a grievance to the STA and ILA Seniority Board/Trade Practice Committee, alleging that he had been consistently locked out of work with PAC, in February 2015.  ECF No. 1 at ¶ 28.  Plaintiff also alleges that he was not selected for multiple crane operators jobs because of his race and/or age, during the period of January 1, 2014, through January 13, 2018.  *Id*. at ¶ 39.  The complaint also makes clear that Plaintiff initially filed a charge of discrimination regarding this alleged discriminatory conduct with the MCCR on January 4, 2016.  *Id*. at ¶ 11.  Plaintiff filed amended charges of discrimination with the EEOC and MCCR on April 20, 2016.  ECF No. 17-5.

The Court agrees with the Defendants that the factual allegations in the complaint show that Plaintiff was on notice of his Section 1981 claim against the Defendants no later than April 20, 2016, when he filed an amended charge of discrimination.  Plaintiff commenced this action on May 30, 2023, more than three years thereafter.  ECF No. 1.  Given this, Plaintiff's Section 1981 claim is untimely under the applicable statute of limitations.  And so, the Court must DISMISS this claim as time-barred.  Fed. R. Civ. P. 12(b)(6).

### B. Plaintiff's ADEA And Title VII Claims Based Upon Conduct That Occurred More Than 300 Days Before He Filed A Charge Are Untimely

To the extent that Plaintiff relies upon discriminatory conduct that occurred more than 300 days before he filed his initial charge of discrimination with the MCCR on April 4, 2016, to support his Title VII and ADEA claims, such claims are also untimely.  Under Title VII and the ADEA, Plaintiff must file a charge with the EEOC or MCCR before filing suit in this Court.  42 U.S.C. § 2000e–5(f)(1) (Title VII); 29 U.S.C. § 626(d) (ADEA).  If Plaintiff fails to file an administrative charge with the MCCR within 300 days of the alleged discriminatory conduct, then the charge is not considered timely filed.  *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 417 (4th Cir. 2014) (citing 42 U.S.C. § 2000e-5(e)(1)); *see also* 29 U.S.C. § 626(d)(1)(B);

11

*Daisley v. Gen. Elec. Co.*, 689 F. Supp. 528, 530 (D. Md. 1987), *aff'd*, 865 F.2d 1257 (4th Cir. 1988).

Here, Plaintiff initially filed his charge of discrimination with the MCCR on January 4, 2016, and he filed amended charges of discrimination with the MCCR and EEOC on April 20, 2016. ECF No. 1 at ¶¶ 11, 13-15. The complaint also makes clear, however, that Plaintiff alleges discriminatory conduct on the part of the Defendants that occurred as far back as 2012, when he was first certified as a crane operator. *Id*. at ¶¶ at 24-39. Plaintiff also alleges in the complaint that this discriminatory conduct continued in 2015, when he filed a grievance with STA and ILA Seniority Board/Trade Practice Committee on February 15, 2015. *Id*. In addition, Plaintiff contends that the Defendants engaged in discriminatory conduct, by hiring Mr. Vogel as a PAC crane operator, in January 2016. *Id*.

While Plaintiff's discrimination claims based upon the hiring of Mr. Vogel accrued shortly before he filed his initial charge of discrimination in January 2016, much of the other discriminatory conduct alleged in the complaint occurred long before Plaintiff filed his charge. Given this, Plaintiff cannot rely upon any discriminatory acts that occurred more than 300 days before he filed his initial charge of discrimination to support his Title VII and ADEA claims. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act."). And so, the Court also DISMISSES Plaintiff's Title VII and ADEA claims, to the extent that these claims are based upon alleged discriminatory conduct that occurred more than 300 days before January 4, 2016.

### C.   Plaintiff States Plausible ADEA And Title VII Claims Against ILA

As a final matter, ILA's argument that the Court should dismiss Plaintiff's remaining Title VII and ADEA claims against it is not persuasive. ILA argues that the Court should dismiss Plaintiff's Title VII and ADEA claims against the Union, because: (1) Plaintiff fails to plead facts sufficient to raise an inference that the Union did not assist him in obtaining a remedy in response to the his employer's alleged discriminatory conduct, and (2) Plaintiff fails to plead sufficient facts to raise an inference that the Union discriminated against him because of his race. ECF No. 13–1 at 6–7. Plaintiff may establish a *prima facie* case of discrimination based upon failure to train or promote, by showing that he: (1) is a member of a class protected by Title VII; (2) applied for the position in question; (3) was qualified for the position; and (4) had his application rejected by the defendant under circumstances that give rise to an inference of

discrimination.  *See Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir. 2005).  To establish a *prima facie* case of age discrimination under the ADEA, Plaintiff must prove that he: (1) was protected by the ADEA; (2) suffered an adverse employment action; (3) was performing his job at a level that met his employer's legitimate expectations at the time of the adverse employment action; and (4) was replaced by a substantially younger worker.  *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315 (4th Cir. 1993).  Notably, Plaintiff may assert claims against a labor union in its capacity as his representative under Title VII and the ADEA.  *See* 42 U.S.C. § 2000e-2(c); *Sanders v. Bethlehem Steel Corp.*, No. HAR 93-4113, 1995 BL 575 (D. Md. Jul. 5, 1995; 29 U.S.C. § 623(c)(1) and (3); *Bondurant v. Air Line Pilots Ass'n, Int'l.*, 679 F.3d 386, 394–96 (6th Cir. 2012);  *E.E.O.C. v. Seafarers Int'l Union*, 394 F.3d 197 (4th Cir. 2005).

      A careful reading of the complaint shows that Plaintiff states plausible Title VII and ADEA claims against ILA in this case.  The Court first observes that ILA correctly argues that the complaint lacks facts to show that Plaintiff informed ILA that he believed that STA and PAC had discriminated against him upon the basis of race, or that ILA refused to assist Plaintiff in remedying his concerns about the lack of crane operator training because of his race.  *See generally*, ECF No 1.  But a careful reading of the complaint also makes clear that Plaintiff does allege facts to show that that ILA provided Mr. Vogel, a Caucasian individual under age 40, "with preferential treatment, access, and pre-employment training," while refusing to provide Plaintiff with such training.  *Id.* at ¶ 36.  The complaint also alleges that ILA referred several other Caucasian individuals, who are under the age of 40 and have less seniority than Plaintiff, for crane operator training and that these individuals ultimately received crane operator positions with PAC. *Id.* at ¶ 38.

      In addition, the complaint contains factual allegations to show that: (1) Plaintiff belongs to a protected class; (2) ILA provided training to union members; (3) Plaintiff was eligible for such training; and (4) ILA trained and promoted Mr. Vogel instead of Plaintiff.  *Id.* at ¶¶ 27, 34, 36, 43.  Taken as true, the Court is satisfied that the factual allegations are sufficient to state plausible discrimination claims under Title VII and ADEA.  Fed. R. Civ. P. 12(b)(6).  And so, the Court declines to dismiss Plaintiff's remaining Title VII and ADEA claims against ILA.

V.      **CONCLUSION**

In sum, a plain reading of the complaint shows that Plaintiff's Section 1981 claim is time-barred. To the extent that Plaintiff relies upon alleged discriminatory conduct that occurred more than 300 days before he filed his charge of discrimination on January 4, 2016, to support his Title VII and ADEA claims, such claims are also untimely. Plaintiff has alleged, however, sufficient facts to state plausible Title VII and ADEA claims against ILA with regards to his timely discrimination claims. And so, for the foregoing reasons, the Court:

1. **GRANTS-in-PART** and **DENIES-in-PART** ILA's motion to dismiss;

2. **GRANTS-in-PART** STA and PAC's motion to dismiss;

3. **DISMISSES** Count II of the complaint; and

4. **DISMISSES** Counts I and III of the complaint as to any discriminatory conduct that occurred more than 300 days before Plaintiff filed his charge of discrimination.

A separate Order shall issue.

s/ Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge